UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

COLBY WORTON, ELIZABETH
GORMAN, TROY MALONEY,

        Plaintiffs,

   v.

SCOTTSDALE INSURANCE COMPANY,
and DOES 1 to 100,

        Defendant.

NO. CIV. S 05-1000 MCE GGH

MEMORANDUM AND ORDER

----oo0oo----

    Presently before the Court is a Motion to Dismiss brought by Defendant Scottsdale Insurance Company ("Scottsdale") on grounds that, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' complaint for breach of contract and breach of the implied covenant of good faith and fair dealing fails to state any viable claim against Scottsdale in the absence of any insurance coverage owed by Scottsdale as a result of the incident underlying this litigation.  Plaintiffs' complaint, originally filed in state court, was removed to this Court on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b).

1

As set forth below, Scottsdale's motion will be granted.[1]

## BACKGROUND[2]

This action arises from a May 31, 2001 altercation between two students at Golden Sierra High School.  Plaintiff Colby Worton ("Worton") alleges that he sustained permanent injuries, including scarring as well as bone and nerve damage to the eye socket, as a result of being struck in the face by Plaintiff Troy Maloney ("Maloney").  In the complaint[3] filed on his behalf following the incident, Worton alleges that Maloney's conduct in striking him was intentional, but goes on to alternatively frame Maloney's behavior in terms of negligence (Maloney "negligently reached out with his arm and hand, striking [Worton] in the face").[4]  Both Maloney and his mother, Plaintiff Elizabeth Gorman ("Gorman"), were named as defendants in that lawsuit.

Gorman tendered the defense of the action to her homeowners insurance carrier, Defendant Scottsdale Insurance Company

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

[2] Unless otherwise noted, the facts as set forth in this section are taken from the allegations of the complaint on file herein and its exhibits.

[3] A copy of this lawsuit, filed on May 31, 2002 and entitled <u>Worton v. Maloney</u>, et al., El Dorado County Superior Court Case No. PC20020322, is attached as Exhibit "B" to the instant complaint.

[4] *See* Exhibit "B" to Plaintiffs' Complaint, p. 4, 6.

2

("Scottsdale").

The Scottsdale policy provided bodily injury liability coverage as follows:

> SECTION II - LIABILITY COVERAGES
>
> COVERAGE E - Personal Liability
>
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals out limit of liability."

(Policy, attached as Exhibit 1 to the Declaration of Ann L. Robertson, p. SIC 0030.[5]

The policy excludes any coverage, however, for bodily injury arising from assault or battery committed by any person:

> This insurance does not apply to bodily injury or property damage arising from:
>
> A.   Assault and Battery committed by any insured, any

---

[5] Although Plaintiffs' complaint appears to attach only the face page to the Scottsdale policy, it purports to incorporate the entire policy as Exhibit "A". Consequently, consideration of the entire policy as attached to the Robertson declaration is appropriate on this motion to dismiss, particularly since the policy is central to the claims at issue herein and Plaintiffs have not questioned the authenticity of the copy now being offered. *See, e.g.,* Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

          employee of any insured, or any other person;

B.   The failure to suppress or prevent Assault and Battery by any such person; or

C.   Any Assault or Battery from or allegedly related to the negligent hiring, supervision or training of any employee of the insured.

Id. at p. SIC 0010.

Although Scottsdale initially assumed the representation of Maloney and Gorman in the Worton lawsuit, Scottsdale ultimately withdrew that defense on or about March 31, 2003 after determining that the assault and battery exclusion contained within its policy precluded any coverage for the loss.

Plaintiffs Maloney and Gorman ultimately entered into a stipulated judgment for the disposition of the Worton lawsuit after Scottsdale withdrew its defense. Through the present action, Plaintiffs seek to collect that $275,000 judgment as well as extra-contractual damages stemming from Scottsdale's allegedly wrongful failure to defend and/or indemnify its insured, Gorman, in the underlying lawsuit.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). A complaint will not be dismissed for failure to state a claim "'unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his or] her

4

1  claim that would entitle [him or] her to relief.'" <u>Yamaguchi v.</u>
2  <u>Dep't of the Air Force</u>, 109 F.3d 1475, 1480 (9th Cir. 1997)
3  (quoting <u>Lewis v. Tel. Employees Credit Union</u>, 87 F.3d 1537, 1545
4  (9th Cir. 1996)).
5      If the court grants a motion to dismiss a complaint, it must
6  then decide whether to grant leave to amend.  The Court should
7  "freely give[]" leave to amend when there is no "undue delay, bad
8  faith[,] dilatory motive on the part of the movant, . . . undue
9  prejudice to the opposing party by virtue of . . . the amendment,
10 [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);
11 <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Generally, leave to
12 amend is only denied when it is clear that the deficiencies of
13 the complaint cannot be cured by amendment.  <u>DeSoto v. Yellow</u>
14 <u>Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

18     This case hinges on whether the assault and battery
19 exclusion contained in Scottsdale's policy unambiguously excludes
20 any coverage for damages stemming from Plaintiff Worton's
21 injuries.  According to Plaintiffs, a potential for coverage
22 exists inasmuch as the underlying complaint alleges negligent
23 conduct.  In that regard, Plaintiffs contend that Scottsdale's
24 investigation of the incident revealed that Maloney mistakenly
25 acted in self defense to what he perceived as a threat from
26 Worton. (Plaintiffs' Opposition, 2:20-23, 5:24-26).  Plaintiffs'
27 complaint describes Maloney's behavior in this regard as
28 "imperfect self defense". (Complaint, ¶ 7).  Plaintiffs contend

5

that if Maloney lacked the intent necessary to sustain a claim for assault and battery, the exclusion contained in the Scottsdale policy necessarily cannot apply.

Despite the label attached to Maloney's conduct, California case law unequivocally indicates there can be no coverage under the Scottsdale policy for the altercation giving rise to this lawsuit.  In considering assault and battery exclusions like that contained in Scottsdale's policy, courts have routinely held that any claim based on assault and battery is precluded irrespective of the legal theory asserted against the insured. *See, e.g.,* Century Transit Sys., Inc. v. American Empire Surplus Lines Ins. Co., 42 Cal. App. 4th 121 (1996); Zelda, Inc. v. Northland Ins. Co., 56 Cal. App. 4th 1252 (1997).  Where any incident of physical injury from an altercation is at the core of a claim or suit, the exclusion precludes any duty to defend or to indemnify even if the suit is couched in allegations of negligence.  The cases focus on the type of event in which injury is sustained in determining the applicability of the exclusion, not upon the insured's conduct or intent.

In Century Transit, the insured, like Plaintiffs herein, argued that an assault and battery exclusion barring any coverage for a claim "based on assault and battery" did not apply because negligent conduct was alleged.  After reviewing law interpreting similar exclusions by other jurisdictions, the court rejected that argument, stating as follows:

> ... no California case has considered the application of this exclusion but, given its lack of ambiguity and its plain clear meaning, courts in other states have had no trouble concluding that such an exclusion precludes coverage of any claim based on assault and battery irrespective of

the legal theory advanced against the insured. <u>Century Transit Sys. v. American Empire</u>, 42 Cal. App. 4th at 127.

In affirming summary judgment on behalf of the insurer, the Court explained that by excluding coverage for any claim "based" on assault and battery, the focus was placed not upon an insured's conduct or intent, but instead upon the kind of event which triggered the injury. <u>Id</u>. at 126. Because any claimed negligence was "based" on assault and battery, the <u>Century</u> court found that the insured could "not rely upon the allegations of negligence to create a potential for coverage." <u>Id</u>. at 128.

Significantly, another California case decided after <u>Century Transit Systems</u> came to the same conclusion. In <u>Zelda Inc. v. Northland Ins. Co.</u>, the insured restaurant sought coverage for damages sustained as a result of a fight between a bartender and one of the restaurant's patrons. The lawsuit filed by the injured patron included allegations that the bartender "negligently assaulted.... and battered" the patron. 56 Cal. App. 4th at 1257-58.

The <u>Zelda</u> court noted that the facts available to the insurer suggested either that the assault was either entirely unwarranted on the part of the bartender, or alternatively that the bartender acted in self defense based on the patron's aggression. Significantly, <u>Zelda</u> found that the exclusion for injuries "arising out of assault and battery" applied under either version of events. As <u>Zelda</u> noted, in both instances the injuries stemmed from an unwarranted assault, whether instigated by the patron or the bartender. The court hence concluded that "[b]ecause the altercation, however viewed, fell squarely within

7

the exclusion, the facts known to [the insurer] did not trigger a potential for coverage under the policy." Id. at 1262. The Zelda decision agreed with Century Transit that a suit based on assault and battery was excluded no matter who commits it, inasmuch as "[i]t is the happening of the event which compels application of the exclusion." Id. at 1261.

This same rationale applies with equal force to the case presently before this Court. Maloney either acted 1) in an unprovoked fashion by striking Worton; or 2) was negligent in doing so. An assault or battery underlies either scenario, and according to the express language of the Scottsdale exclusion, any personal injury arising from an assault or battery is excluded no matter what was responsible for initiating such injury. As Century Transit and Zelda also instruct, the event which injured Worton was based on assault and battery, which means that the exclusion applies irrespective of intent.

The reasoning employed by Century Transit and Zelda is equally applicable to the case at bar, even though the present motion is for dismissal under Federal Rule of Civil Procedure 12(b)(6) rather than for summary judgment. It is simply undisputed that Maloney hit Worton in the face, which event, in turn, ultimately triggered this lawsuit. That fact translates into the Scottsdale exclusion barring coverage irrespective of Maloney's reasons for hitting Worton. There is no reason to look further than Plaintiffs' complaint, its attachments and the Scottsdale policy in making that determination.

Essex Ins. Co. v. Yi, 795 F. Supp. 319 (N.D. Cal. 1992) reached the same conclusion. In that case, an employee of the

8

insured, Yi, injured the claimant during an altercation at the insured's amusement center.  In the face of an assault and battery exclusion similar to that of the present case, both the claimant and the insured argued against application of the exclusion on grounds that because the employee had allegedly acted in self defense at the time of the altercation, no assault or battery had occurred.  The court rejected that argument since the exclusion (like the Scottsdale policy at issue herein) applied to an assault and battery committed by "any person". Hence the exclusion would apply even if the claimant actually instigated the fight.  According to Yi, coverage would be excluded whether or not Maloney acted intentionally, negligently, or alternatively had no liability at all in striking Worton.  Id. at 324.  As the Yi court noted, the assault and battery exclusion

> "precludes coverage for an entire class of risks arising from specified conduct and does not turn on the intent of the insured at all.  If the acts fell within the scope of the exclusion, coverage is barred regardless of the [insured's] intent.

Id. at 324, n. 2.

It follows that in the present case, the exclusion applies no matter how the underlying incident is denominated- whether or not it occurred as a result of Maloney's intentional act, his negligence, or conduct on Worton's part which caused Maloney to act in self defense.[6]  Moreover, because the exclusion also unambiguously excludes coverage for the failure to suppress

---

[6]It must also be noted that in order for Maloney to have been engaged in self defense, Worton himself had to have engaged in some conduct giving rise to the level of assault and battery. Worton's actions under that scenario trigger the exclusion just as plainly as if Maloney himself precipitated the altercation.

9

an assault or battery by any person, any potential liability of Gorman for failing to prevent her son, Maloney, from starting the fight would also be excluded.  Hence, irrespective of the alternatively pled allegations of the complaint, there can be no coverage under the Scottsdale policy.

Although the duty to defend under the Scottsdale policy is broadly construed to apply even to suits that are "groundless, false, or fraudulent", that duty is not unlimited.  While an insurer owed a duty to defend when there is a possibility that the claim may be covered by its policy (*See* Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 295 (1993)), it may properly refuse to defend if circumstances show conclusively that liability would in fact be excluded.  National Auto. & Cas. Ins. Co. v. Stewart, 223 Cal. App. 3d 452, 463 (1990); Wausau Underwriters Ins. Co. v. Unigard Security Ins. Co., 68 Cal. App. 4th 1030, 1035 (1998).  An insurer may also withdraw from a defense that has been accorded under reservation of rights[7] if it determines that there is in fact no coverage.  St. Paul Mercury Ins. Co. v. Ralee Engineering Co., 804 F.2d 520, 522 (9th Cir. 1986); Hartford Accident & Indemnity Co. v. Superior Court, 23 Cal. App. 4th 1774, 1779 (1994).

The complaint in this case clearly shows that the event precipitating the claim occurred as a result of an altercation which the Scottsdale policy excludes from coverage.  Because it is the event itself that triggers this exclusion rather than just

---

[7]Scottsdale's assertion that it reserved its rights upon initially providing a defense in the underlying action (Opening Points and Authorities, 1:13-14) has not been disputed by Plaintiffs herein.

10

1 how that event was initiated, on the basis of the complaint alone
2 this Court can determine that the exclusion applies and that no
3 coverage is present.  In the absence of coverage there can be no
4 breach of contract on Scottsdale's part, and without such breach
5 there is no liability for breach of the implied covenant of good
6 faith and fair dealing on Scottsdale's part.  *See, e.g.*, Waller
7 v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 36 (1995); Love v. Fire
8 Ins. Exch., 221 Cal. App. 3d 1136, 1153 (1990).  Since those two
9 claims are the only causes of action pled in Plaintiffs'
10 complaint, Scottsdale's Motion to Dismiss must be granted.

## CONCLUSION

Given the above, Plaintiffs' complaint fails to state a claim upon which relief can be granted, thereby mandating dismissal under Federal Rule of Civil Procedure 12(b)(6). Because the Court does not believe that the deficiencies of the complaint can be cured, no leave to amend will be permitted. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). The Clerk of Court is accordingly directed to close this file.

IT IS SO ORDERED.

DATED: August 1, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

11